# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOM HUSSEY PHOTOGRAPHY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-684** |
| **HEROFARM LLC** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant HEROfarm LLC's ("HEROfarm") motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Tom Hussey Photography, LLC ("Hussey Photography") opposes[2] the motion. As explained below, the Court denies the motion without prejudice to HEROfarm re-asserting its affirmative defense of fair use.

This case arises from HEROfarm's alleged unauthorized use of a series of photographs to which Hussey Photography allegedly holds a valid copyright. HEROfarm argues that dismissal is proper because, assuming *arguendo* that the photographs were used on its website and that Hussey Photography holds the copyright, HEROfarm's use of the images is protected by the fair use doctrine.[3] *See* 17 U.S.C. § 107.

"[T]he fair use doctrine is a statutory exception under the Copyright Act to the generally exclusive set of rights given to copyright holders." *Estate of Barré v. Carter*,

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 14.
[3] R. Doc. No. 9-1, at 7.

272 F. Supp. 3d 906, 930 (E.D. La. 2017) (Brown, J.). "Fair use is an affirmative defense 'that can excuse what would otherwise be an infringing use of copyrighted material.'" *Id.* at 929 (quoting *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1238 (11th Cir. 2014)). "The burden of proof is on [a defendant] to establish the fair use affirmative defense." *Id.* (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 546 (1985)).

"As a general matter, the Fifth Circuit has determined that Rule 12(b)(6) motions to dismiss typically cannot be granted on affirmative defense grounds unless 'a successful affirmative defense appears clearly on the face of the pleadings.'" *Id.* at 930 (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Nonetheless, courts in the Fifth Circuit have occasionally determined that the pleadings *do* clearly present such a fair use defense. *See, e.g., id.* at 931; *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, No. 20-1157, 2021 WL 1151706, at *6 (N.D. Tex. Mar. 26, 2021) (granting a motion to dismiss in light of a successful fair use defense).

"The fair use analysis is a mixed question of law and fact and requires a case-by-case determination [of] whether a particular use of a copyrighted work is fair." *Carter*, 272 F. Supp. 3d at 929 (gathering cases). "Section 107 provides a list of four relevant but non-exclusive factors for courts to consider when conducting the fair use analysis: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect on the potential market for or value of the copyrighted work." *Id.* at 929–30 (citing *Harper & Row*, 471 U.S. at 560–61). "No single factor

is determinative, and courts are instructed to weigh all the results together, in light of the purpose of the Copyright Act, to determine whether the affirmative defense of fair use has been established." *Id.* at 930 (citing *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 549 (S.D.N.Y. 2013)). "In sum, '[t]he ultimate test of fair use is whether the copyright law's goal of promoting the Progress of Science and useful Arts would be better served by allowing the use than by preventing it.'" *Id.* (quoting *Associated Press*, 931 F. Supp. 2d at 549).

The Court suspects, based on the pleadings, which it will not detail here, that HEROfarm may well be able to satisfy that ultimate test. But the determination must be made on a "case-by-case" basis. In this case, the Court simply does not have enough before it to grant a motion to dismiss—particularly as to the fourth factor, the effect of the alleged violation on the market for the photographs. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, July 1, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**